UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CV-00422-FDW
(3:14-CR-00111-FDW-DCK-1)

| | |
|---|---|
| JOSE IVAN HERNANDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Relief from Judgment [CV Doc. 6].[1] For the following reasons, the Court finds that this is an unauthorized, successive petition, and the Court, therefore, denies the Motion.

**I.    BACKGROUND**

On June 18, 2014, Petitioner Jose Ivan Hernandez ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846 (Count One) and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count Two). [CR Doc. 3 at 1-2: Bill of Indictment]. Petitioner proceeded to trial on these charges. At the trial, the parties agreed that the Government had offered Petitioner a plea agreement pursuant to which Petitioner would plead guilty to Count Two in exchange for the Government's dismissal of Count One. [CR Doc. 93 at 4-5: Trial Tr.]. Petitioner testified that he was "fully advised" of this plea offer and that he personally decided to

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:18-CV-00422-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00111-FDW-DCK-1.

reject that offer. [Id. at 4-6]. A jury convicted Petitioner on both counts. [CR Doc. 66: Jury Verdict]. After hearing extensive evidence bearing of the offense level calculation and the guideline range, the Court sentenced Petitioner to a term of imprisonment of 432 months on Count One and a term of imprisonment of 240 months on Count Two, to be served concurrently, for a total term of imprisonment of 432 months. [CR Doc. 77 at 2: Judgment]. Petitioner appealed, filing a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding there were no meritorious issues for appeal. [CR Doc. 95]. The Fourth Circuit affirmed Petitioner's conviction and sentence. [Id.].

On August 1, 2018, Petitioner timely filed a motion to vacate under § 2255. [CV Doc. 1, 1-1]. Petitioner argued that he received ineffective assistance of counsel in the plea process and at sentencing relative to his counsel's preparation and presentation of evidence supporting a lower sentence under the § 3553(a) sentencing factors. [Id. at 8-11]. On September 4, 2020, the Court denied and dismissed Petitioner's motion to vacate on the merits. [CV Doc. 4]. Petitioner did not appeal.

On March 30, 2022, Petitioner filed the instant motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.[2] [CV Doc. 6]. Citing Martinez v. Ryan, 132 S.Ct. 1309 (2012), and Trevino v. Thaler, 133 S.Ct. 1911 (2013), Petitioner argues that he should be allowed to proceed under Rule 60(b) because he was not represented by counsel on his original motion to vacate and he "now presents meritorious or at least substantial claims" warranting consideration on the merits "to prevent a clear miscarriage of justice." [Id. at 18]. Petitioner again claims ineffective assistance counsel. Petitioner argues that his trial attorney was ineffective for: (1) failing to research and file a motion to dismiss Petitioner's "fatally defective indictment," (2)

---

[2] Federal Rule of Civil Procedure 60(b)(6) provides for post-judgment relief where the moving party demonstrates "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

2

failing to file a Rule 29 motion based on insufficient evidence to prove a detectable amount of heroin, and (3) failing to object to the impermissible variance from the Indictment "as the evidence must prove a single conspiracy existed;" and that his appellate attorney was ineffective because Petitioner was "constructively deprived" of counsel because his attorney filed an Ander's brief. [See id. at 5-17].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner purports to seek relief under Federal Rule of Civil Procedure 60(b)(6). [Doc. 6]. Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a Section 2255 motion). Regarding Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking

3

>    a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

Petitioner here seeks relief under Rule 60(b)(6), citing Martinez and Trevino. These cases do not afford Petitioner a path to proceed under Rule 60(b). In Martinez, the Supreme Court held that, "where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17. Trevino extended this "Martinez exception to the customary rules of procedural default to cases in which state procedure did not require a petitioner to raise an ineffectiveness claim initially on collateral review but nonetheless made it 'highly unlikely' that a criminal defendant would have a meaningful opportunity to rase that claim on direct appeal." Moses v. Joyner, 815 F.3d 163, 165 (4th Cir. 2016) (citing Trevino, 133 S.Ct. at 1921).

Martinez and Trevino, however, do not provide grounds for a habeas petitioner to reopen his federal habeas action under Rule 60(b)(6). See Moses, 815 F.3d at 167-69; Sheppard v. Robinson, 807 F.3d 815, 820-21 (6th Cir. 2015) (same). Petitioner's motion is nothing more than another attack on his conviction and sentence. That is, Petitioner improperly enlists Rule 60(b)(6) to introduce new substantive arguments that were previously available, which he cannot do here. Moreover, Petitioner's Rule 60(b) motion is untimely in any event. Petitioner waited over two years after the denial of his motion to vacate to file the pending motion and provides no explanation for the delay. See Rule 60(c)(1) (requiring that motions brought under Rule 60(b)(6) be made "within a reasonable time"). Finally, relief under Rule 60(b)(6) requires "extraordinary circumstances," which Petitioner has not shown in any event. Gonzales v. Crosby, 545 U.S. 524,

535, 125 S.Ct. 2641 (2005).

As such, Petitioner's motion must be construed as a Section 2255 motion to vacate, notwithstanding its caption. See id., 545 U.S. at 530-31 (holding that Rule 60(b) motions are treated as successive habeas petitions); Everette v. United States, No. 5:04-cv-358, 2012 WL 4486107, at *2-3 (E.D.N.C. Sept. 28, 2012); United States v. MacDonald, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin to a successive habeas petition). Since Petitioner has already filed a motion under Section 2255 and this Court has adjudicated the motion on the merits, Petitioner's instant motion is a "second or successive" motion under Section 2255. Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to

5

Case 3:18-cv-00422-FDW   Document 7   Filed 11/29/22   Page 5 of 6

Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion [Doc. 6] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 28, 2022

_____
Frank D. Whitney
United States District Judge